IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| WESTERN SECURITY BANK, A Division of Glacier Bank,<br><br>Plaintiff,<br><br>vs.<br><br>SCHNEIDER LIMITED PARTNERSHIP; JAY WINZENREID, M.D.; STEPHEN EMERY; and BIG HORN BASIN BONE AND JOINT, LLC,<br><br>Defendants. | CV 15-10-BLG-SPW-CSO<br><br>OPINION and ORDER |

Plaintiff Western Security Bank ("Western Security") moved for summary judgment against Defendant Schneider Limited Partnership ("Schneider"). Defendants Jay Winzenreid, Stephen Emery, and Big Horn Basin Bone and Joint (collectively "Wyoming Doctors") moved to stay this action pending arbitration between the Wyoming Doctors and Meridian Surgical Partners ("Meridian"), who is not a party to this suit. On May 6, 2015, United States Magistrate Judge Carolyn Ostby issued Findings and Recommendations on the pending motions. Judge Ostby recommends that this Court grant Western Security's Motion for Summary Judgment and deny the Wyoming Doctors' Motion to Stay Proceedings. For reasons discussed below, this Court adopts Judge Ostby's Finding and

1

Recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

## I. Western Security's Motion for Partial Summary Judgment

Western Security moved for summary judgment as to liability against Schneider. Schneider did not respond. Judge Ostby addressed the motion's merits and determined that the undisputed material facts establish that Western Security is entitled to judgment against Schneider.

Pursuant to 28 U.S.C. § 636(b)(1), Schneider was required to file written objections within 14 days of the filing of Judge Ostby's Findings and Recommendations. Schneider did not file any objections. When neither party objects, this Court reviews Judge Ostby's conclusions for clear error. Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax,* 235 F.3d 422, 427 (9th Cir. 2000). After reviewing the Findings and Recommendations, this Court does not find that Judge Ostby committed clear error. Therefore, this Court grants Western Security's Motion for Partial Summary Judgment.

## II. The Wyoming Doctors' Motion to Stay Proceedings

The Wyoming Doctors argue that although Western Security was not a signatory to the arbitration agreements, this case should be stayed while the Wyoming Doctors pursue arbitration against Meridian. The Wyoming Doctors

advance three alternative arguments in support of their motion: (1) Section 3 of the Federal Arbitration Act ("FAA") compels a stay; (2) this Court should apply the Fifth Circuit's standard and stay the case; and (3) this Court should exercise its discretion and stay the case. Judge Ostby disagreed and recommends that this Court deny the Motion to Stay Proceedings. The Wyoming Doctors timely objected and are therefore entitled to de novo review of the specified findings or recommendations to which they object. 28 U.S.C. § 636(b)(1).

A. Stay under § 3 of the FAA

The FAA requires district courts to stay an action if the issue "is referable to arbitration" under an arbitration agreement. 9 U.S.C. § 3. Nonsignatories to an arbitration agreement are not categorically barred from a stay under § 3. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009). Instead, a nonsignatory may be subject to a stay under § 3 if it is bound to the arbitration agreement by "traditional principles of state law." *Rajagopalan v. NoteWorld, LLC*, 718 F.3d 844, 847 (9th Cir. 2013) (quoting *Arthur Anderson*, 556 U.S. at 631). (citation omitted).

Here, the Wyoming Doctors argue that Western Security is bound to the arbitration agreements between the Wyoming Doctors and Meridian under theories of (1) incorporation by reference, (2) third-party beneficiary, and (3) equitable estoppel. *See* Doc. 31 at 5. The Wyoming Doctors' arguments are unique, in that

3

they are merely seeking a stay and not trying to compel Western Security to arbitrate its claims. Nonetheless, the Court will briefly address each argument.

### i. Incorporation by reference

The Wyoming Doctors argue that Western Security incorporated the arbitration agreements into the Business Loan Agreement. The Wyoming Doctors cite to a section entitled "Binding Effect," where the Business Loan Agreement states:

> This Agreement, the Note, all Security Agreements (if any), and all Related Documents <u>are binding upon the signers thereof</u>, as well as upon their successors, representatives and assigns, and are legally enforceable in accordance with their respective terms.

(Doc. 18-11 at 2) (emphasis added). The Wyoming Doctors allege that among the "Related Documents" are the arbitration agreements between the Wyoming Doctors and Meridian. The Wyoming Doctors continue that this incorporated by reference the arbitration agreements into the Business Loan Agreement. The Court reads the Business Loan Agreement differently than the Wyoming Doctors.

The "Binding Effect" subsection is located under the section entitled "Representations and Warranties." (*Id.* at 1). The section starts off with, "Borrower represents and warrants to Lender [Western Security] as follows…" (*Id.*). What follows are, as one might guess, numerous representations and warranties made by the borrower. Included is the representation that all "…Related Documents are binding upon the signers thereof." (*Id.* at 2).

4

Even assuming that the arbitration agreements between the Wyoming Doctors and Meridian are included as "Related Documents," the Business Loan Agreement does not make them binding to Western Security. Instead, the "Binding Effect" subsection is only a representation by the borrower that the arbitration agreements are legally enforceable against those who signed them. By the plain language of the Business Loan Agreement, Western Security did not bind itself to any arbitration agreement. Mere references to arbitration agreements do not render them enforceable against Western Security.

### ii. Third-party beneficiary

The Wyoming Doctors argue that although it was not a party to the Operating Agreement (Doc. 18-5) and the Management Services Agreement (Doc. 18-6), Western Security is bound as a third-party beneficiary. The Court disagrees.

Under Delaware law,[1] a third-party beneficiary is created when:

> (i) [T]he contracting parties must have intended that the third party beneficiary benefit from the contract, (ii) the benefit must have been intended as a gift or in satisfaction of a pre-existing obligation to that person, and (iii) the intent to benefit the third party must be a material part of the parties' purpose in entering into the contract.

---

[1] Both the Operating Agreement and the Management Services Agreement contained choice-of-law provisions that the agreements shall be construed according to Delaware law. (Docs. 18-5 at 31 and 18-6 at 9).

5

*Comrie v. Enterasys Networks, Inc.*, 2004 WL 293337, at *3 (Del. Ch. Feb. 17, 2004). Without considering the first and second elements, the Court finds that the third element is dispositive. When the Wyoming Doctors and Meridian entered into the Operating Agreement and Management Services Agreement, a material part of their purpose was not to benefit Western Security. The signatories did not sign those documents with the primary goal of raising money for the bank. Instead, the material purpose of the agreements was to establish their business. Western Security was not a third-party beneficiary.

### iii. Equitable Estoppel

Finally, the Wyoming Doctors argue that this Court should apply the doctrine of equitable estoppel. "Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (internal quotation omitted). In the arbitration context, two types of equitable estoppel may apply. *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1046 (9th Cir. 2009). First, "a nonsignatory may be held to an arbitration clause where the nonsignatory knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement." *Id.* (internal quotation omitted). Second, a signatory and a nonsignatory may be bound to an arbitration agreement "because of the close relationship between the entities

6

involved, as well as the relationship of the alleged wrongs to the non-signatory's obligations and duties in the contract and the fact that the claims were intertwined with the underlying contractual obligations." *Id.* (internal quotation omitted).

The Court finds that neither situation applies here. First, the Court finds no evidence that Western Security knowingly exploited the arbitration agreements between Meridian and the Wyoming Doctors. Second, Western Security's claims against the Wyoming Doctors are not "intertwined" with the Wyoming Doctor's arbitral claims against Meridian. In the arbitration, the Wyoming Doctors argue Meridian fraudulently induced them into moving forward with financing. In this case, Western Security seeks to recover from the Wyoming Doctors in accordance with their personal guaranties. While they generally arise from the same transactions, the arbitration claims and this litigation are not so intertwined to invoke the doctrine of equitable estoppel.

### B. The Fifth Circuit's standard

The Wyoming Doctors urge this Court to apply the standard set forth by the Fifth Circuit and stay this case pending the arbitration between Meridian and the Wyoming Doctors. "In some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court...as a matter of its discretion to control its docket." *Moses H. Cone Meml. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21 n.

7

23 (1983). The Ninth Circuit has not squarely addressed when a district court should order a stay, as opposed to compelling arbitration, in a case involving both signatories and nonsignatories. *CopyTele, Inc. v. AU Optronics Corp.*, 2013 WL 3458162 at *1 n. 2 (N.D. Cal. 2013). Several district courts in our circuit instead look to guidance from the Fifth Circuit. *See Amisil Holdings Ltd. v. Clarium Capital Mgt.*, 622 F. Supp. 2d 825, 842 (N.D. Cal. 2007) and *E. W. Bank v. Bingham*, 992 F. Supp. 2d 1130, 1135 (W.D. Wash. 2014). This Court has also previously adopted the Fifth Circuit's test. *Combined Insurance Company of America v. Jessica Hubley, et al.*, CV 14-72-BLG-SPW (D. Mont. Sept. 11, 2014).

In the Fifth Circuit, "if a suit against a nonsignatory is based upon the same operative facts and is inherently inseparable from the claims against a signatory, the trial court has discretion to grant a stay if the suit would undermine the arbitration proceedings and thwart the federal policy in favor of arbitration." *Hill v. G E Power Sys., Inc.*, 282 F.3d 343, 347 (5th Cir. 2002). The Fifth Circuit reasons that if a case proceeds as to nonsignatories, then the litigation may destroy the signatories' right to a meaningful arbitration. *Waste Mgt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343 (5th Cir. 2004). To grant a stay as to non-signatories, the district court must balance the following factors:

> 1) the arbitrated and litigated disputes must involve the same operative facts; 2) the claims asserted in the arbitration and litigation must be 'inherently inseparable'; and 3) the litigation must have a 'critical impact' on the arbitration.

8

*Id.*

The Fifth Circuit applies this test to cases brought by signatories against nonsignatories. *Id.*; *see also Hill*, 282 F.3d at 347. Even putting aside that Western Security is a nonsignatory bringing claims against signatories, the Fifth Circuit's test is not met here. As discussed above, the claims asserted in arbitration and this litigation are not "inherently inseparable." In addition, the litigation does not have a "critical impact" on the arbitration. In the arbitration, the Wyoming Doctors do not challenge the enforceability of the personal guaranties by Western Security. Instead, the Wyoming Doctors argue that fellow-signatory Meridian fraudulently induced them into signing the agreements. The result of this case will not impact the Wyoming Doctors' ability to pursue their arbitration claims against Meridian.

C. Discretionary stay under the *Landis* factors.

Finally, the Wyoming Doctors object to Judge Ostby's application of the *Landis* factors. This Court agrees with Judge Ostby's conclusions and declines to exercise its discretion to grant a stay. The Wyoming Doctors have not established "rare circumstances" or made a "clear case of hardship or inequity in being required to go forward." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). As discussed above, the arbitration and this litigation present separate issues by

9

different parties. The expense incurred during litigation is not sufficient by itself to justify a stay. The Court does not find any other reason to stay the case.

**III. Conclusion**

For reasons discussed above, IT IS HEREBY ORDERED:

1. Judge Ostby's Findings and Recommendations (Doc. 30) are ADOPTED IN FULL.

2. Western Security's Motion for Partial Summary Judgment (Doc. 12) is GRANTED.

3. The Wyoming Doctors' Motion to Stay Action Pending Arbitration (Doc. 17) is DENIED.

DATED this 30th day of June, 2015.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge