IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WESTERN SECURITY BANK, A Division of Glacier Bank,<br><br>Plaintiff,<br><br>vs.<br><br>SCHNEIDER LIMITED PARTNERSHIP, JAY WINZENREID, M.D., STEPHEN EMERY, BIG HORN BASIN BONE AND JOINT, LLC, ANDREW BAKER, DANIEL MATTSON,<br><br>Defendants. | CV 15-10-BLG-SPW-CSO<br><br>**ORDER** |

This action arises from commercial guaranty agreements. Summary judgment has previously been granted against Schneider Limited Partnership. Jay Winzenreid, M.D., Stephen Emery, Big Horn Basin Bone and Joint, LLC, Andrew Baker, and Daniel Mattson (collectively "Wyoming Doctors"), are the remaining Defendants.

The following motions are now pending:

(1) Western Security Bank's (WSB) Motion for Summary Judgment (*ECF No. 95*);

(2) Wyoming Doctors' Motion for Modification of Amendment

-1-

Deadline and for Leave to Amend (*ECF No. 107*);

(3) Wyoming Doctors' Motion for Oral Argument (*ECF No. 114*). This Order resolves the motions made by the Wyoming Doctors. The summary judgment motion will be addressed in a separate order.

The Court has summarized the other background facts in previous orders. Those facts will not be repeated here except as necessary to explain this ruling.

## I. **PROCEDURAL BACKGROUND**

This action was filed in state court nearly two years ago, on August 8, 2014. It was removed to this Court over one year ago, on February 19, 2015. Shortly after it was removed, the Wyoming Doctors moved to stay the action pending an ongoing arbitration. *ECF No. 17*. That motion, and related motions, were denied. *ECF No. 30, 38, 58*.

The Wyoming Doctors appealed these rulings to the Ninth Circuit Court of Appeals on October 5, 2015. The appeal was dismissed for lack of jurisdiction on March 14, 2016. During the pendency of this appeal, the Wyoming Doctors sought a stay of district court proceedings pending the appeal of the denial of a stay. The motion was denied on January 5, 2016. *ECF No. 86, 91*.

With the agreement of the parties, the Court issued a Scheduling Order on August 12, 2015. *ECF No. 57*. The deadline for motions to amend pleadings was October 29, 2015. The discovery deadline was May 25, 2016, and the motions deadline is June 9, 2016. The Order provides that "**Continuance of these deadlines will not be granted absent good cause**" *Id.* (emphasis in original).

## II. PARTIES' ARGUMENTS

The Wyoming Doctors seek leave to amend their answer to include counterclaims against WSB. *ECF No. 107*. They argue that the motion is based on two events: (1) a February 23, 2016 deposition of WSB's vice-president, Gregg Glueckert, and (2) WSB's responses to the Wyoming Doctors' first set of discovery requests. *Id.* at 2. The Wyoming Doctors argue that they became aware of the facts underlying the proposed counterclaims from the deposition and the discovery documents. *Id.* They argue that WSB would "not be prejudiced or caught off guard by the facts and claims alleged in the counterclaims as the Plaintiff has first-hand knowledge of the role it played in the transaction at issue and the proceedings described therein." *Id.* at 3. They attach their proposed counterclaims, a 34-page document, to their

motion.

WSB responds first that the Wyoming Doctors: (1) made no attempt to conduct discovery for well over one year; (2) knew of the October 29, 2015 amendment deadline as early as August 2015; and (3) waited another four months after the amendment deadline to seek document production. *Id.* at 8.

Second, WSB argues that the Wyoming Doctors have not established that the need to amend was unforeseen because "they knew of, and threatened, potential counterclaims *even before this suit was filed.*" *Id.* (emphasis in original). WSB argues that the theories contained in the proposed counterclaims closely track those the Wyoming Doctors filed in the Meridian Litigation in June 2014, and were evidenced in the Preliminary Pretrial Statement the Wyoming Doctors submitted on August 5, 2015. *Id.* at 9.

Third, WSB argues that the Wyoming Doctors filed serial motions for a stay, and effectively granted themselves the relief the Court denied them, numerous times, by canceling depositions and refusing to respond to written discovery. *Id.* It argues that after the Court compelled discovery responses, the Wyoming Doctors should have

motion.

WSB responds first that the Wyoming Doctors: (1) made no attempt to conduct discovery for well over one year; (2) knew of the October 29, 2015 amendment deadline as early as August 2015; and (3) waited another four months after the amendment deadline to seek document production. *Id.* at 8.

Second, WSB argues that the Wyoming Doctors have not established that the need to amend was unforeseen because "they knew of, and threatened, potential counterclaims *even before this suit was filed.*" *Id.* (emphasis in original). WSB argues that the theories contained in the proposed counterclaims closely track those the Wyoming Doctors filed in the Meridian Litigation in June 2014, and were evidenced in the Preliminary Pretrial Statement the Wyoming Doctors submitted on August 5, 2015. *Id.* at 9.

Third, WSB argues that the Wyoming Doctors filed serial motions for a stay, and effectively granted themselves the relief the Court denied them, numerous times, by canceling depositions and refusing to respond to written discovery. *Id.* It argues that after the Court compelled discovery responses, the Wyoming Doctors should have

motion.

WSB responds first that the Wyoming Doctors: (1) made no attempt to conduct discovery for well over one year; (2) knew of the October 29, 2015 amendment deadline as early as August 2015; and (3) waited another four months after the amendment deadline to seek document production. *Id.* at 8.

Second, WSB argues that the Wyoming Doctors have not established that the need to amend was unforeseen because "they knew of, and threatened, potential counterclaims *even before this suit was filed.*" *Id.* (emphasis in original). WSB argues that the theories contained in the proposed counterclaims closely track those the Wyoming Doctors filed in the Meridian Litigation in June 2014, and were evidenced in the Preliminary Pretrial Statement the Wyoming Doctors submitted on August 5, 2015. *Id.* at 9.

Third, WSB argues that the Wyoming Doctors filed serial motions for a stay, and effectively granted themselves the relief the Court denied them, numerous times, by canceling depositions and refusing to respond to written discovery. *Id.* It argues that after the Court compelled discovery responses, the Wyoming Doctors should have

known that failure to proceed would be at their own peril. *Id.* at 10.

Fourth, WSB argues that allowing an untimely amendment more than nineteen months after the suit was filed, and one month before the discovery deadline "would effectively move this litigation back to square one. Deadlines for expert disclosure, discovery, and motions-filing would have to be re-set." *Id.* Thus, WSB argues that the Wyoming Doctors have failed to adduce evidence of diligence and cannot satisfy the requirements to allow an untimely amendment. *Id.* at 11.

Finally, WSB argues that the Wyoming Doctors' non-compliance with the Scheduling Order should not be excused, and that amendment would be futile. *Id.* at 13.

In reply, the Wyoming Doctors argue that "since this matter came to this court, Defendants have diligently pursued their case strategy and that strategy included their right to timely pursue a stay, then timely pursue an appeal, then timely pursue depositions and discovery." *ECF No. 112* at 2. They argue that "because manifest injustice would otherwise result" their motion for leave to amend should be granted. *Id.* at 3. They argue that WSB was on notice of the Wyoming Doctors' position that a stay of all deadlines was appropriate because the motion

for a stay was filed prior to the filing of a discovery plan, as was their notice of appeal, and they raised their concerns at the preliminary pretrial conference. *Id.* at 4.

Next, the Wyoming Doctors argue that issues within the motion to stay "presented a substantive and complex federal law issue: whether Defendants' engagement in trial activities, including discovery, against Plaintiff would or could result in a waiver of Defendants' rights under the FAA." *Id.* at 6. They argue that they diligently pursued their appeal, and if they had engaged in discovery, they might have waived their right to seek a stay. *Id.* at 6–7.

Finally, the Wyoming Doctors argue that only one of the eleven counterclaims they are seeking to file were mentioned in a letter to WSB in August 2014. *Id.* at 13. They also argue that the Court should not consider the filing date of the case to make the matter seem "older than it truly is[,]" because this Court did not acquire jurisdiction until the case was removed, and after removal, all prior motions and discovery requests are null and ineffective. *Id.*

### III. <u>LEGAL STANDARD</u>

Where, as here, the deadline for amending pleadings has passed,

the Wyoming Doctors must first show "good cause" for not having amended its Answer before the time specified in the scheduling order expired. This "good cause" standard is articulated both in the Scheduling Order (*ECF No. 57 at ¶ 1*) and in Rule 16(b)(4)[1] ("A schedule may be modified only for good cause and with the judge's consent"); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The party seeking to extend deadlines bears the burden of proving good cause. *Johnson*, 975 F.2d at 608-09; *see also Zivkovic v. S.Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

In *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), the Ninth Circuit explained that "[u]nlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Good cause to excuse noncompliance with the scheduling order exists if the pretrial schedule "cannot reasonably be met despite the diligence of the party seeking the

---

[1]References to rules are to the Federal Rules of Civil Procedure unless otherwise noted.

extension." *Id.* (quoting Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 Amendment)).

Prejudice to the opposing party may provide an additional reason to deny a motion to amend, but "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609; *see also In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013) (upholding denial of motion to amend where "the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action").

In considering diligence, courts consider whether the moving party is able to show:

> (1) that [it] was diligent in assisting the Court in creating a workable Rule 16 order ...; (2) that [its] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference ...; and (3) that [it] was diligent in seeking amendment of the Rule 16 order, once it became apparent it could not comply with the order ....

*Richland Partners, LLC v. Cowry Enterprises, Ltd.*, 2014 WL 4954475,

*3 (D. Mont., Sept. 29, 2014) (*quoting Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

If good cause exists for seeking amendment after the scheduling order's deadline, the Court then turns to Rule 15(a) to determine whether amendment should be allowed. Under Rule 15(a), the Ninth Circuit directs that courts consider the following five factors to assess whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d at 738 (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). "These factors are not of equal weight; prejudice to the opposing party has long been held to be the most crucial factor in determining whether to grant leave to amend." *Nationwide Agribusiness Ins. Co. v. Garay*, 2015 WL 756617, *4 (E.D. Cal., Feb. 23, 2015) (*citing Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Howey v. United States*, 481 F.2d 1187,

1190 (9th Cir. 1973)).

## IV. <u>DISCUSSION</u>

As the above authorities demonstrate, the Wyoming Doctors' must demonstrate good cause, because their motion comes approximately six months after the deadline to amend pleadings. To make this "good cause" determination, the Court must consider whether the Wyoming Doctors were diligent in seeking amendment. For the following reasons, the Court finds that they were not diligent in seeking amendment.

The Wyoming Doctors argue that they were unaware of the facts underlying the proposed counterclaims until they took a deposition on February 23, 2016, and received responses to discovery on April 4–6, 2016. *ECF No. 107*. But their failure to learn of the facts they contend underlie their proposed counterclaims was a result of their own failure to timely and diligently pursue discovery so as to comply with the deadlines set by the Court. They did not send WSB their first set of discovery responses until March 2, 2016, four months after the deadline to amend pleadings. *ECF No. 108-3*.

The Wyoming Doctors contend that if they had participated in

discovery earlier, they might have waived their right to pursue an appeal of the order denying a stay. *ECF No. 112*. The Court does not find this argument persuasive. To support their position, the Wyoming Doctors cite case law discussing whether a party waived a right to arbitration. *Id.* at 8–12. But there was no right to arbitrate at issue in the appeal. The Wyoming Doctors were seeking a stay pending an ongoing arbitration with a different entity, they were not seeking to compel arbitration with WSB.

Even if the Wyoming Doctors were uncertain if their right to appeal was at risk by proceeding with discovery, this alleged uncertainty should have dissipated in early January 2016. On December 21, 2015, the undersigned recommended that their motion to stay the proceedings pending appeal be denied. That recommendation was adopted in full on January 5, 2016. *ECF No. 86, 91*. Thus, even if the Wyoming Doctors took the position that they could not participate in discovery pending appeal, the January 5, 2016 Order held otherwise. Furthermore, on January 7, 2016, the Court compelled the Wyoming Doctors to respond to WSB's discovery requests. *ECF No. 93*. Despite these events, the Wyoming Doctors waited an additional two months

before sending out their first set of discovery requests. *ECF No. 108-3*. This demonstrates a failure to act diligently.

The Wyoming Doctors' failure to act diligently is further demonstrated by their apparent early knowledge of potential counterclaims. They state that the documents supplied to them in April "either supplied support for the counterclaims Defendants were contemplating but lacked articulable basis for, or alternatively provided a basis for entirely different counterclaims." *ECF No. 112* at 11–12. It is clear that they were not only aware of possible counterclaims, but were contemplating them long before the instant motion. Nonetheless, they waited until March 2, 2016, to begin discovery—four months after the motion to amend deadline, over a year after the case was removed to this Court, and almost a year and seven months after the case was filed. *See ECF Nos. 1; 1-1; 57; and 108-3*. This was additionally almost two months after their motion to stay pending appeal was denied, and after the Court compelled discovery responses as requested by WSB. *ECF Nos. 91 and 93*. The Wyoming Doctors have failed to demonstrate that their failure to comply with the Scheduling Order occurred as a result of matters that could not have been reasonably foreseen.

Instead, the Wyoming Doctors did foresee the need to file counterclaims, but chose not to pursue discovery despite numerous orders from the Court indicating that the case should proceed pending their appeal.

Although the Wyoming Doctors acknowledge that they became aware of the facts necessary to proceed with counterclaims as early as the Glueckert deposition on February 23, 2016, and received additional documents to support their counterclaims April 4–6, 2016, they waited to file the instant motion until April 25, 2016—just one month before the discovery deadline. Were the Court to grant their motion, resolution of this case would be set back for months, or potentially a year or more. New deadlines for expert disclosures, discovery, and motions would need to be set, thwarting Rule 1's direction that rules of procedure be administered to secure the "just, speedy, and inexpensive" determination of an action.

For all of these reasons, the Court concludes that the Wyoming Doctors were not diligent in pursing their motion to amend, and have failed to demonstrate good cause to allow the amendment. If the Court finds a party was not diligent, the inquiry should end, because a

scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

Finally, the Wyoming Doctors filed a motion for oral argument on this motion, as well as on WSB's Motion for Summary Judgment. The Wyoming Doctors state the purpose for the motion is to make themselves available should the Court wish to inquire regarding either motion. The Court finds oral argument unnecessary at this point in the proceedings.

## V. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion (*ECF No. 107*) for leave to amend is DENIED.

IT IS FURTHER ORDERED that the motion (*ECF No. 114*) for oral argument is DENIED.

DATED this 7th day of June, 2016.

/s/ Carolyn S. Ostby
United States Magistrate Judge